WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Valence Ray Smith, Sr.,<br><br>             Defendant. | No. CR-13-8043-001-PCT-GMS<br><br>**ORDER** |

The superseding indictment charges the Defendant with three counts of assault that he allegedly inflicted on the same victim Maydena Samson. On September 29, 2012, the Defendant allegedly hit Ms. Samson with a metal pipe, which among other damage fractured her elbow. He is charged with both Assault with A Dangerous Weapon (Count One) and Assault Resulting in Serious Bodily Injury (Count Two) for this alleged assault. Mr. Smith acknowledges that he struck Ms. Samson with a broom handle on September 29, but alleges he did so in self-defense and further denies that it was with a metal pipe. He is also charged with slicing Ms. Samson's foot with a knife on July 8, 2011. He is charged with Assault with a Dangerous Weapon for this incident (Count Three). Mr. Smith asserts that on July 8, 2011 Ms. Samson cut her own foot.

On August 29, 2013, the prosecution filed with this court a Notice of its Intent to Introduce Evidence Pursuant to Rule 404(b). The Defendant filed his amended response to that notice on September 16, 2013. The prosecution now desires the Court to give a ruling prior to trial as to whether it will allow such testimony for its convenience in

bringing witnesses to testify. The seven incidents of other acts which the prosecution wishes to introduce into evidence include the following:

 A. Evidence of three assaults committed by the Defendant on his former girlfriend, Pamela Jackson on November 7, 2004, January 3, 2005 and January 22, 2005. In the first Defendant allegedly pulled Ms. Jackson out of her residence by her hair and arms and continued to pull her along the street in this fashion, knocking her to the ground several times in this process. In the second, Ms. Jackson reported to a Hualapai social services worker that Defendant battered her, dragged her out of a car, and burned her with a stove poker. Ms. Jackson showed three burn marks on her left arm, which were photographed, as well as large scrapes on Jackson's right hip. In the third, Jackson stated that Defendant, while intoxicated, grabbed a 2x4 board and struck her with it; he also punched and kicked her. Her injuries were documented.

 B. Evidence of two assaults committed by the Defendant on his former girlfriend, Michelle Whatoname on June 26, 2007 and November 9, 2007. In the first, the Defendant told a Hualapai police officer that he had been drinking with his girlfriend since the previous night and that minutes before EMT's arrival, an unknown guest had assaulted his girlfriend—Ms. Whatoname, and that Ms. Whatoname did not want to file criminal charges against this unknown guest. Ms. Whatoname, however, told the officer that Defendant assaulted her by grabbing her and throwing her around and that in that process he threw her to the ground. In the second alleged incident, Ms. Whatoname stated to investigating officers that Defendant had assaulted her.

 C. Evidence of an assault committed by the Defendant on Picetta Walema on June 26, 2010, in which she alleged that the Defendant tried to rape her, while she was at the Defendant's residence. After his arrest, at the BIA Correctional Facility when Defendant was exiting the patrol vehicle, he said to one of the officers, "What is this shit about, I bet it's about Picetta."

 D. Evidence of an additional assault against Maydena Samson the victim in the counts alleged in the indictment that occurred on December 12, 2010. In that alleged

incident, Defendant started to "swing and scratch" the victim after they had had an argument while cutting firewood.

As an initial matter, the government has not provided the Court with any detail as to how, or through him it intends to admit such evidence. In the absence of any detail as to whom will be testifying and what specific and admissible evidence the government intends to offer against the Defendant of each of these previous assaults, the Court cannot "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston v. United States,* 485 U.S. 681, 690, (1988), *citing* 21 C. Wright and K. Graham, *Federal Practice and Procedure* § 5054, p. 269 (1977). While it is presumably an accurate statement of the law that a defendant's statement alone is enough to admit other act evidence, *United States v. Norris,* 428 F.3d 907, 913 (9th Cir. 2005), in *Norris,* the Defendant voluntarily admitted to the other acts in those statements. There are no such admissions here. The Defendant made statements in only two of the described incidents, and only one of these infers some knowledge of allegations that may have been made against him, but even so, does not affirmatively admit to such allegations.

Further, according to the Defendant, Ms. Whatoname is now deceased. It is thus unclear to this court how the prosecution intends to introduce evidence of the assaults against her in an admissible fashion and the government provides no insight as to this.

Therefore, to the extent that the government wants an advance ruling on whether the Court will admit such testimony, any such advance ruling is denied. The Court notes, however, that while none of the incidents seem so remote as to preclude admission of evidence concerning them, admitting all of the evidence of all of the alleged assaults would be seriously prejudicial to the Defendant unless each one provides some probative evidence other than merely propensity evidence. Merely offering seven instances of past assault to establish that the Defendant has assaulted or been accused of assaulting his girlfriends in the past is nothing more than propensity evidence, and even if not, its prejudicial value substantially outweighs its probative value.

1    While the Court can see that some of the individual instances of assault may have
2 the potential to provide admissible evidence under Fed. R. Evid. 404(b) whose probative
3 value is not substantially outweighed by its prejudice, such as evidence pertaining to
4 intent, or lack of mistake, the government does not say how or what admissible evidence
5 it intends to introduce of such past assaults, thus the court cannot determine, prior to trial,
6 that it will admit such testimony.  The government's request for any pre-trial
7 determination as to the admissibility of any other act evidence is, therefore, denied.
8    Dated this 31st day of December, 2013.

_____
/G. Murray Snow
United States District Judge